# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **FRANCIS A. GRANDINETTI** | § |
| | § |
| V. | § A-07-CA-200-LY |
| | § |
| **STATE OF TEXAS, GOVERNORS IN** | § |
| **CHARGE, HON. GEORGE W. BUSH,** | § |
| **and HON. RICK PERRY; 1995 TO 2007** | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

## DISCUSSION AND ANALYSIS

Before the Court is Petitioner's "Pro Se Plaintiff's Complaint and Habeas Corpus Petition from Texas." Rather than opening the complaint/petition as a new case and transferring the case to this Court, the Clerk of the Southern District of Texas mailed the complaint/petition directly to the Western District of Texas, Austin Division. Although Petitioner's petition/complaint is not a model of clarity, it appears he believes he was unlawfully confined in Texas from 1995 through 1999. He also believes he was exiled from the State of Texas from 1999 to 2007.[1]

---

[1] Because of the method of transfer by the Southern District. this Court cannot determine whether Petitioner Francis A. Grandinetti II, a Hawaiian prisoner, is confined in Hawaii or in the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Based on Petitioner's recent litigation in other courts around the country, it appears Petitioner is actually in Mississippi.

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner must file a federal habeas petition in the district where he is incarcerated or in the district where he was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner does not allege he was convicted or sentenced in this district, nor is he incarcerated here. Therefore, to the extent that Petitioner asserts habeas claims, those claims should be dismissed without prejudice to his ability to file a habeas petition in the appropriate court.

To the extent the petition could be construed as a civil rights complaint, it should be dismissed because Petitioner may not proceed in forma pauperis. Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) applies to this action because at least three of Petitioner's prior lawsuits or appeals have been dismissed as frivolous.[2] As a result, Petitioner is barred from bringing this action IFP unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. Banos v. O'Guin, 144 F.3d 883, 884 5th Cir. 1998). Petitioner's allegations do not demonstrate he was in imminent danger of serious harm at the time he filed this action. Accordingly, he is barred from proceeding in forma pauperis.

RECOMMENDATION

The Court recommends that the petition be dismissed without prejudice. To the extent the petition can be construed as civil rights claims, it should be dismissed pursuant to 28 U.S.C. §1915(g).

---

[2] Grandinetti v. Bobby Ross Group, Inc., No. 1:96-CV-117 (E.D. Tex. Mar. 5, 1999) (dismissed as frivolous); Grandinetti v. Iranon, No. 1:96-CV-101 (E.D. Tex. Jan. 26, 1998) (same); Grandinetti v. Iranon, No. 1:96-CV-118 (E.D. Tex. July 20, 1998) (same).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. To ensure Petitioner receives a copy of this Report and Recommendation, the Clerk of this Court shall forward the Report and Recommendation to Petitioner's addresses in both Hawaii and Mississippi.

SIGNED this 22nd day of March, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE